IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GILEAD SCIENCES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 23-1480 (MN) |
| ) | |
| CIPLA LIMITED, ) | |
| ) | |
| Defendant. ) | |

**GILEAD'S RENEWED MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL**

Plaintiff Gilead Sciences, Inc. hereby moves for leave to file its complaint in this action, and the exhibits thereto, under seal. In support of its Motion, Gilead states as follows:

1. This is an action for patent infringement arising under 35 U.S.C. §§ 271(a)-(c), (e), and 281 relating to Defendant Cipla Limited's filing of an ANDA seeking approval to market a generic version of Gilead's pediatric dosage form of Biktarvy® prior to the expiration of U.S. Patent Nos. 9,708,342 and 10,385,067.

2. On or about December 13, 2023, outside counsel for Cipla and Gilead agreed that Cipla would produce the entirety of Cipla's ANDA No. 218766, as well as any accompanying FDA correspondence, to Gilead pursuant to the terms of the protective order governing the ongoing litigation between the parties relating to Cipla's ANDA No. 216914. *See Gilead Sciences, Inc. v. Lupin, Ltd., Laurus Labs Limited, and Cipla Limited*, C.A. No. 22-615 (D. Del.), D.I. 40 (Protective Order). Pursuant to those terms, Cipla produced to Gilead a copy of Cipla's ANDA No. 218766 and accompanying correspondence. The documents Cipla produced are marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the protective order in the ongoing litigation.

3. The documents Cipla produced are cited to and quoted from in Gilead's complaint. Gilead therefore seeks leave to file its complaint, and exhibits thereto, under seal.

4. Fed. R. Civ. P. 26(c) provides that, for good cause shown, the Court may direct that certain matters be filed under seal. *See also* D. Del. LR 26.2. If left unsealed, the complaint would disclose Cipla's confidential research, development, commercial, and technical information and would provide the public insight into the confidential business and operations of the Cipla, its processes in considering, researching, and developing its drug products, and would give its competitors an unfair advantage. Accordingly, the parties have a legitimate interest in protecting the above-identified information from disclosure.

5. Attached as Exhibit 1 is a declaration signed by Dr. Sumesh Reddy, the Global Head of Intellectual Property for Cipla. Dr. Reddy's declaration explains that "[s]hould the information [in Gilead's complaint] that is so designated [as 'CONFIDENTIAL – ATTORNEYS' EYES ONLY'] be disclosed in the Court's public record, confidential information contained within Cipla's ANDA would be disclosed, and could be used by competitors in the development of other competitive pharmaceutical products. This would cause irreparable competitive injury to Cipla, as valuable confidential information created at substantial expense by Cipla would be lost." Ex. 1 at ¶ 11. Dr. Reddy's declaration explains that "[e]xamples of such information include confidential information relating to Cipla's ANDA and proprietary research, development, and technical information concerning Cipla's pharmaceutical products, as well as confidential information of Cipla's business and operations." Ex. 1 at ¶ 6. Gilead's complaint references and cites Cipla's "proprietary research, development, and technical information" including, for example, specific properties and characteristics of the polymorph of bictegravir in Cipla's ANDA product. *See* D.I. 3 at 15–16.

6.     The Third Circuit has identified a non-exhaustive list of factors to balance when evaluating whether documents should be sealed. *Pansy v. Borough of Stroudsburg*, 23 F .3d 772, 787-91 (3d Cir. 1994). Under the first Pansy factor, public disclosure of the complaint will violate Cipla's established privacy interest in its ANDA No. 218766. *See e.g. Boehringer Ingelheim Pharma GmbH & Co. KG v. Mylan Pharm., Inc.*, No. 14-4727, 2015 WL 4715307, at *2 (D.N.J. Aug. 7, 2015) (granting motion to seal information contained in or derived from defendant's ANDAs and proprietary business information regarding the development, formulation, manufacture and sales of defendant's ANDA products where the information was confidential and unavailable to the public at the time of filing the pleading).

7.     The private interests at stake in this action warrant the relief sought. Cipla is a private party to a patent infringement dispute relating to an FDA-approved drug product and a proposed generic drug product. The sealing of the above-identified information serves to protect Cipla's legitimate business interest in ensuring that their confidential and non-public business information remains undisclosed. If this information were to become public, Cipla's competitors could potentially use that information to gain an unfair advantage in the highly competitive generic pharmaceutical product marketplace. Therefore, the disclosure of the above-identified confidential information poses a substantial risk of harm to Cipla's legitimate business interests and competitive position.

8.     Filing a redacted version of the complaint satisfies the intention of the open court system, while protecting the parties' privacy interests. *Boehringer Ingelheim Pharma GmbH & Co. KG v. Mylan Pharm., Inc.*, No. 14-4727, 2015 WL 4715307, at *2 (D.N.J. Aug. 7, 2015) (factoring in the limited nature of redactions in its good cause analysis emphasizing that the parties sought to seal "scattered portions of their briefs" and the submissions contained "only limited

redactions"); *see also Insight Equity AP X LP v. Transitions Optical Inc.*, No. 10-635, 2016 WL 7477751, at *1 (D. Del. Dec. 29, 2016) ("if there is a need for redactions, the proposed redactions should be as narrow as possible").

9.     Gilead anticipates that the public/redacted version of its complaint will include minimal redactions, limited to sentences which cite or rely on documents from Cipla's ANDA and which include Cipla's "proprietary research, development, and technical information." Attached as Exhibit 2 is Gilead's complaint including the redactions that Gilead intends to propose. Cipla has confirmed that it will not seek additional redactions. These redactions are "scattered" and "narrow." *See Boehringer Ingelheim*, 2015 WL 4715307 at *2. The issues in the case and the allegations in the complaint will remain readily understandable to the public. Gilead does not anticipate proposing any redactions to the exhibits to its complaint, which are publicly available patents.

10.     The second, third, fourth, fifth, sixth, and seventh *Pansy* factors are either neutral or weigh in favor of sealing the above-identified confidential information. Under the second factor, Gilead is aware of no legitimate purpose for the above-identified confidential information to be unsealed, and Cipla has confirmed that it does not oppose this motion. Cipla has access to the sealed complaint. Under the third factor, disclosure will not cause embarrassment to either party. Under the fourth factor, the issue of patent infringement between private parties of a proposed drug product currently undergoing FDA review is not an important public health and safety issue. Under the fifth factor, the above-identified confidential information of Cipla is already shared between the parties, and thus unsealing the complaint will not promote fairness and efficiency. Under the sixth factor, no party benefitting from the order to seal the documents is a public entity or official.

Finally, under the seventh factor, this case does not involve issues that are important to the public because it is patent infringement case between private parties.

11. On December 29, 2023, Gilead filed the Complaint in this action. *See* D.I. 2. Gilead filed an accompanying Motion for Leave to File Complaint Under Seal. *See* D.I. 1.

12. On January 3, 2024, the Court denied without prejudice Gilead's Motion for Leave to File Complaint Under Seal and directed Gilead to renew its motion by January 10, 2024. *See* D.I. 8.

13. On January 9, 2024, the parties filed a Stipulation and Proposed Order to extend time for Gilead to renew its motion to January 24, 2024. *See* D.I. 9. The Court entered a corresponding order on January 10, 2024.

14. Pursuant to the Court's orders, Gilead hereby renews its motion for leave to file its complaint in this action, and the exhibits thereto, under seal.

15. Gilead will comply with the Court's procedures for filing a public/redacted version of its complaint and exhibits.

For the foregoing reasons, Gilead respectfully requests that it be permitted to file its complaint and exhibits against Cipla under seal. A proposed order is submitted herewith.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

January 24, 2024                              *Attorneys for Plaintiff Gilead Sciences, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GILEAD SCIENCES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-1480 (MN) |
| | ) |
| CIPLA LIMITED, | ) |
| | ) |
| Defendant. | ) |

### **ORDER**

This _____ day of _____ 2024, Plaintiff Gilead Sciences, Inc., having moved for leave to file its complaint and exhibits in this action under seal, and the Court having determined that good grounds exist for the requested relief;

IT IS HEREBY ORDERED that Gilead's Motion is GRANTED. Gilead's complaint and exhibits shall be docketed under seal and Gilead shall comply with the Court's rules and procedures for filing a public/redacted version.

Dated: _____            _____
                                                                United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 24, 2024, upon the following in the manner indicated:

| | |
|---|---|
| James S. Green, Jr., Esquire<br>SEITZ, VAN OGTROP & GREEN, P.A.<br>222 Delaware Avenue, Suite 1500<br>P.O. Box 68<br>Wilmington, DE  19899<br>*Attorneys for Defendant Cipla Limited* | *VIA ELECTRONIC MAIL* |
| Christopher J. Sorenson, Esquire<br>MERCHANT & GOULD P.C.<br>150 South Fifth Street, Suite 2200<br>Minneapolis, MN  55402<br>*Attorneys for Defendant Cipla Limited* | *VIA ELECTRONIC MAIL* |
| Andrew O. Larsen, Esquire<br>MERCHANT & GOULD P.C.<br>767 Third Avenue, Suite 23C<br>New York, NY  10017<br>*Attorneys for Defendant Cipla Limited* | *VIA ELECTRONIC MAIL* |
| B. Jefferson Boggs, Esquire<br>Jason M. Wiener, Esquire<br>MERCHANT & GOULD P.C.<br>1900 Duke Street, Suite 600<br>Alexandria, VA  22314<br>*Attorneys for Defendant Cipla Limited* | *VIA ELECTRONIC MAIL* |
| W. Reid Morris, Esquire<br>MERCHANT & GOULD P.C.<br>150 South Fifth Street, Suite 2200<br>Minneapolis, MN  55402<br>*Attorneys for Defendant Cipla Limited* | *VIA ELECTRONIC MAIL* |

                        */s/ Jeremy A. Tigan*

                        Jeremy A. Tigan (#5239)